Mr. Chief Justice ShaRKey
delivered the opinion of the court.
Mims, in right of his wife, who is one of the distributees of the estate of John Dobbs, filed his petition in the probate court of Hinds county, for the purpose of obtaining a revocation of the letters testamentary of Ross, who is the executor of Dobbs’s estate. The petition charges that Ross is incompetent to manage the estate, and that he had committed acts of maladministration, and also that his sureties had become insufficient. After hearing the parties, the court decreed that the letters should be. revoked, and Ross appealed. Time was given him until a subsequent term to reduce the evidence to writing. An objection is taken to the evidence, because it was taken down subsequent to the trial. It seems the witnesses were re-examined before a justice of the peace, and the clerk certifies to the correctness of the transcript of the testimony. It was irregular thus to examine the witnesses after trial. The statute provides that the evidence given on the trial shall be taken down and recorded. Regularly the judge should certify to the correctness of the testimony. This objection being well taken by the counsel for the appellee, leaves but one point for us to decide. One of the charges in the petition is, that the sureties of the executor were insufficient. The appellant introduced the sureties, and offered to examine them as witnesses, to rebut the allegation of the insufficiency of the bond, but the court refused to permit them to testify. It is competent for the court to require new sureties in case the original sureties have become insufficient. But when proceedings are instituted against an executor or administrator because of the insufficiency of the sureties, the sureties may qualify or prove their sufficiency, the regular way of doing which is by their own oath, like the qualifying of bail. If they should say on oath that they are sufficient, then it devolves on the other party to show their insufficiency by other evidence. The court therefore erred in refusing to permit the sureties to be sworn.
It is said, in argument, that this ground was abandoned by the petitioner’s counsel, and that there was therefore no contest in the court below. This we cannot know, as no such thing *124 appears on the record. A charge of insufficiency is made in the petition, and a bill of exceptions to the decision of the court in refusing the respondent the privilege of having the sureties examined. Testimony may have been introduced to show their insufficiency, and the judgment of the court may have been predicated on their insufficiency. We are bound to presume that judgments of inferior courts are correct unless the contrary be shown; but where error has intervened which may have operated prejudicially, the injured party is entitled to a reversal.
Judgment reversed and cause remanded.